UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:04-CR-40 |
| | § | |
| RAMONA WALDON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 20, 2005, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Jeff Harrelson.

Defendant was sentenced on March 22, 2002, before The Honorable Barefoot Sanders of the Northern District of Texas after pleading guilty to the offense of possession of stolen mail and aiding and abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 11 and a criminal history category of III, was 12 to 18 months. Defendant was subsequently sentenced to 13 months imprisonment followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include mental health treatment, drug aftercare, $25,078.21 in restitution, and a $100 special assessment. On July 8, 2003, Defendant completed her period of imprisonment and began service of the supervision term in the Eastern District of Texas. On November 16, 2004, jurisdiction in this matter was transferred in this matter to the Eastern District of Texas and assigned to The Honorable David Folsom, U.S. District Judge.

On December 16, 2004, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Defendant shall refrain from excessive use of alcohol. Specifically, the Government alleges on or about June 12, 2004, Defendant was arrested by the Texas Department of Public Safety and charged with driving while intoxicated and attempted escape from custody. Defendant was subsequently released on a $3,500 bond and said charges are still pending in state court

2) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges on July 14, 2004, Defendant was arrested by the Hughes Springs Police Department and charged with engaging in organized criminal activity. It is alleged that Defendant forged numerous checks at area businesses which were stolen from mail boxes in the surrounding area. According to the Government, the charge of engaging in organized criminal activity was dropped; however, Defendant was indicted on the lesser included offense of forgery by passing, which occurred on or about May 17, 2004, filed in the District Court of Cass County on October 19, 2004. On November 1, 2004, Defendant pled guilty to said offense under docket number 2004-F-00264, and was sentenced to 18 months in state jail.

3) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the Government alleges on July 14, 2004, Defendant admitted to using methamphetamine almost every day with Brian Grammar beginning in October, 2003, and concluding sometime in March, 2004.

4) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Specifically, the Government alleges on July 14, 2004, Defendant admitted to associating

with Brian Grammar, who she knew to have been convicted of a felony offense, without the permission or knowledge of the U.S. Probation Office.

5) Defendant shall pay $25,078.21 in restitution. Said restitution shall be paid in monthly installments of at least $100. Specifically, the Government alleges Defendant has failed to make monthly payments of $100 for the months of August, September, October, and December, 2003, and January, February, April, May, and June, 2004. As of this writing, Defendant is $595 behind in her payments.

The Court scheduled a revocation hearing June 20, 2005. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first four allegations as set forth above. After her plea of true to the first four allegations, the Government abandoned the last allegation. Based upon the Defendant's plea of true to the first four allegations and with no objection by the Defendant or the Government, the Court found Defendant did violate her conditions of supervised release as alleged in the U.S. Probation Office's petition by committing another state crime, by using methamphetamine, and by associating with a known felon without permission. The Court further found that Defendant possessed methamphetamine through her use of the substance.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months ordered to run consecutive to the sentence received in The District Court of Cass County, Texas in docket number 2004-F-00264. The Court further recommended that it be ordered that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.

In addition, upon release from imprisonment, Defendant shall be placed on supervised release for a term of two (2) years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. Defendant shall not possess a firearm, destructive device, or any other dangerous weapon. Defendant shall cooperate in the collection of DNA as directed by the probation officer. Defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1100 Commerce St. 14th Floor, Dallas, Texas 75242.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate

in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her ability to pay towards the financial penalty and her efforts to maintain lawful employment. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first four allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months ordered to run consecutive to the sentence received in The District Court of Cass County, Texas in docket number 2004-F-00264. It is further

**RECOMMENDED** that Defendant be placed on supervised release for a term of two (2) years following her term of imprisonment with the conditions specified above. It is further

**RECOMMENDED** that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.

The parties were informed of the right to file objections to the recommendations as set forth

above. Both parties waived their objections.

**SIGNED this 20th day of June, 2005.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE